IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| -vs- | )<br>) Civil Action No.  05-578<br>) |
| Mrs. B.G. , Mr. J.P., and J.T., et al., | )<br>) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

# OPINION and ORDER OF COURT

### SYNOPSIS

Plaintiff insurance company seeks a declaratory judgment that it does not have a duty to defend or indemnify homeowners against charges that they were negligent in training and supervising their son, who allegedly sexually harassed a peer.  The insurance company contends that coverage is not available, in part, because the injuries alleged in the underlying action do not constitute "bodily injury" as defined by the policy.  I agree.

### OPINION

Defendant Ms. B.G. has a homeowners' policy ("the Policy") with Plaintiff Nationwide Fire Insurance Company ("Nationwide").  Ms. B.G. and her minor son J.T.

1

have requested that Nationwide defend and indemnify them in connection with an action filed against them by Mr. and Mrs. R and their minor child K.R. ("the R family"). In that underlying complaint ("the sexual harassment suit"), the R family alleges that J.T. and other classmates sexually harassed K.R.  They argue that, as a consequence, K.R. suffered mental and emotional distress and that Mr. and Mrs. R suffered both emotional stress and financial strain.  While the R family has sued numerous people, for purposes of this Opinion, I need only note that the R family claims that Ms. B.G. was negligent in training and supervising her son, thereby allowing him to sexually harass K.R., and that J.T. was himself negligent in harassing her and in failing to stop harassing her.[1]

Nationwide agreed to provide a defense with regard to these allegations, pursuant to a reservation of rights.  The pending litigation stems from that reservation of rights.  Nationwide seeks a declaration that it has no duty to either defend or indemnify Ms. B.G. or her son.  Pending is Nationwide's motion for summary judgment.  Nobody has filed any opposition to the motion.[2]  Nationwide argues that it does not have a duty to defend or indemnify, both because the injuries alleged in the sexual harassment suit do not qualify as "bodily injuries," and because the actions attributed to J.T. cannot be construed as "accidental" in nature. Because I accept Nationwide's first argument, I need not address the second.

---

[1] The R family also names "Mr. J.P." as a Defendant.  Presumably, Mr. J.P. is J.T.'s father.  Yet as he is not named as a policyholder, his liability in the underlying sexual harassment suit is immaterial in this matter.

[2] Ms. B.G. and J.T. did not respond to the Complaint, nor did they file a response to the motion for summary judgment.

2

**STANDARD OF REVIEW**

Summary judgment may only be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material when it might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Rule 56 mandates the entry of judgment, after adequate time for discovery and upon motion, against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In considering a motion for summary judgment, the Court must examine the facts in the light most favorable to the party opposing the motion. International Raw Materials, Ltd. v. Stauffer Chemical Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the nonmoving party. Anderson, 477 U.S. at 248. Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex, 477 U.S. at 322. Once the moving party satisfies its burden, the burden shifts to the non-moving party, who must go beyond its pleadings, and designate specific facts by the

use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. Id. at 324.

## ANALYSIS

The Policy at issue provides that Nationwide "will pay damages the insured is legally obligated to pay due to an **occurrence**." See Docket No. 43-2, p. 12 (emphasis in original). The term "occurrence" is defined as "**bodily injury** or **property damage** resulting from an accident, including continuous or repeated exposure to the same general condition. The occurrence must be during the policy period." Id., p. 19 (emphasis in original).[3] The Policy defines "**bodily injury**" to mean "bodily harm, sickness or disease, including resulting care, loss of services and death." Id., p. 29.[4] Nationwide argues that in the underlying sexual harassment suit, the R family alleges only emotional injuries, not bodily injuries. As a consequence, Nationwide

---

[3] I am a bit confused as to the precise definition of "occurrence." I obtained the definition cited above from the "amendatory endorsement" attached at page 19 of Nationwide's exhibit. That page includes the phrase that "[i]t is agreed that the policy is amended as follows ..." which precedes the definition of occurrence. This is the phrase to which Nationwide directs the Court in its Brief in Support of Motion for Summary Judgment. See Docket No. 42, p. 5. In contrast, in its Motion for Summary Judgment, Nationwide cites to the definition set forth at page 30 of the exhibit. This definition provides that "'Occurrence' means bodily injury or property damage resulting from: a. one accident; or b. continuous or repeated exposure to the same general condition." It appears that the only substantive difference between the two definitions is that the "amendatory endorsement" version of "occurrence" requires that the occurrence be during the policy period. As Nationwide does not contend that the incidents alleged in the underlying sexual harassment suit transpired outside of the policy period, I will not dwell on the slight variances between the definitions.

[4] Again, I must take a moment to acknowledge the different definitions Nationwide offers for "bodily injury." That recited above is consistent with what Nationwide references in its Motion for Summary Judgment. See Docket No. 41-1, p. 5. In its Brief in Support, however, Nationwide defines "bodily injury" to mean "bodily harm, sickness or disease, including resulting care, loss of services or death. Bodily injury does not include emotional distress, mental anguish, humiliation, mental distress or injury, or any similar injury, unless the direct result of bodily harm." I have reviewed the entire Policy and do not find this definition anywhere. As it differs materially to that provided in the "definition" section of the Policy, I will not rely upon it.

reasons, coverage is not available.

Having reviewed the underlying sexual harassment suit, I agree with Nationwide that K.R. complains only of emotional and mental injuries. See Complaint, ¶ 26 (stating that "K.R. suffered severe emotional distress"); ¶ 27 (stating that "[d]ue to the emotional damages that Plaintiff, K.R. suffered... ."); ¶ 61 (stating that "[a]s a direct and proximate result of the negligence of Defendants Mr. J.P. and Ms. B.G. Plaintiff K.R. suffered embarrassment and humiliation, psychological injuries and other mental suffering"). Similarly, Mr. and Mrs. R make no allegations of having suffered any type of physical harm. See Complaint, ¶ 64 and ¶ 94 (claiming emotional and financial damages).

The question remains, however, whether these emotional injuries fall within the definition of "bodily injury" set forth in the Policy. I conclude that they do not. First, the term "bodily injury" is understood within the legal realm to mean "*physical damage* to a person's body." BLACK'S LAW DICTIONARY 789 (7th ed. 1999) (emphasis added). Indeed, the Restatement (Second) of Torts defines "bodily harm" as "any *physical impairment* of the human body." Restatement (Second) of Torts § 15 (1965) (emphasis added). See also State Farm Fire & Casualty Co. v. Wilson, Civ. Nos. 4-4263 and 4-4264, 2005 WL 2471003 at * 5 (6th Cir. Oct. 7, 2005) (stating that "as commonly understood, contact with another results in a 'physical injury' only where a tangible harm to the body is ascertainable as a result of the contact.") "These definitions reinforce the distinction between physical and emotional harm, suggesting that where the adjective "bodily" is used to describe "harm" or "injury," it refers to

physical, as opposed to emotional, harm." Miller v. Quincy Mutual Fire Insurance Co., Civ. No. 3-1328, 2003 WL 23469293 at * 4 (E.D. Pa. Dec. 4, 2003).

There are a number of courts which have addressed similar circumstances - where a policy provides coverage only for "bodily injury" and the injuries complained of are emotional or mental in nature. Those courts have consistently determined that coverage is not available absent physical damage to a person's body. See Miller v. Quincy Mutual Fire insurance Co., Civ. No. 3-1328, 2003 WL 23469293 (E.D. Pa. Dec. 4, 2003) (holding that, where the plaintiff alleged that she had been subjected to sexual assault, including the grabbing of her breasts and the touching of her vaginal area, yet claimed only emotional harm, insurance coverage was not available because the policy allowed for recovery only in instances of "bodily injury."); State Farm Fire & Casualty Co. v. Wilson, Civ. No. 4-4263 and 4-4264, 2005 WL 2471003 (6th Cir. Oct. 7, 2005) (finding that insurance coverage was not available where employee's emotional trauma was the direct result of physical contact, not physical injury); David v. Nationwide Mutual Ins. Co., 665 N.E.2d 1171 (Ohio App. 1995) (holding that emotional distress arising from an employee's actions in grabbing plaintiff's breasts, in exposing his penis and in making sexual remarks did not constitute claim for bodily injury where there was no allegation of physical harm); O'Dell v. Saint Paul Fire & Marine Ins. Co., 478 S.E.2d 418, 420 (Ga. Ct. App. 1996) (finding that claims for emotional distress arising from sexual harassment did not constitute claims for bodily injury); Batter-Up , Inc. v. Commercial Union Ins. Co., 1997 U.S. Dist. LEXIS 13267 (N.D. Ill. 1997) (finding that an employee could not recover for mental

and emotional pain where supervisor touched, fondled and kissed employee, because there had been no actual physical injury); and <u>American & Foreign Ins. Co. v. Church Schools in the Diocese</u>, 645 F. Supp. 628 (E.D. Va. 1986) (distinguishing between bodily contact, which consisted of squeezing of the buttocks, and bodily injury, which plaintiff, who complained of emotional harm, did not suffer).

The phrase "bodily *injury*" simply cannot be read as synonymous with the phrase "physical *contact*." Failure to draw a distinction between the two would lead to the absurd result that a person who is bumped into by someone in a crowd would have sustained a "bodily injury." <u>See</u> <u>State Farm Fire & Casualty</u>, 2005 WL 2471003 at * 5. Here, even accepting as true the allegations that J.T. and his peers may have physically touched K.R., the fact remains that her emotional trauma did not result from a physical injury. As such, the damages alleged both by K.R. and by her parents do not constitute "bodily injuries" for which coverage is provided under the Policy at issue.

<u>* * * * * * * * * * * * * * * * * * * * *</u>

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| -vs- | ) ) Civil Action No. 05-578 |
| Mrs. B.G., Mr. J.P., and J.T., et al., | ) ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

# ORDER OF COURT

AND NOW, this **13th** day of December, 2005, after careful consideration, and for the reasons set forth in the accompanying Opinion, it is Ordered that Plaintiff's Motion for Summary Judgment (Docket No. 41) is GRANTED. Nationwide has no duty to defend or indemnify Ms. B.G. or J.T. in connection with the claims asserted against them in the underlying sexual harassment suit.

It is further ORDERED that Plaintiff's Motion for Argument of Motion for Summary Judgment (Docket No. 52) is hereby DENIED as moot. Judgment is entered in favor of Plaintiff and against Defendant.

BY THE COURT:

/S/ Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge

8